UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-151-HRW

MICHAEL J. KELSEY,                                               PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant denying Plaintiff's application for a period of disability and disability insurance benefits. The Court, having reviewed the record and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits on December 12, 2002 (Tr. 11), alleging disability beginning on August 15, 2001, due to brain nerve damage, heart blockage, sleep apnea, chron's disease, and high blood pressure (Tr. 12). The application was denied initially and on

reconsideration (Tr. 11). On December 19, 2003, Administrative Law Judge Charlie Paul Andrus (hereinafter "ALJ") held an administrative hearing. At the hearing, Claimant, accompanied by counsel, testified (Tr. 11, 20), as did Harry F.T. Tanzey, a vocational expert (hereinafter "VE") (Tr. 11).

Plaintiff was thirty-nine years old at the time of the hearing decision (Tr. 12). He has the equivalent of a high school education (Tr. 12). His past relevant work experience consists of work as a commercial truck driver, EMT, factory worker, and restaurant manager (Tr. 12). Plaintiff met the disability insured status requirements under the Act through the date of the ALJ's decision (Tr. 12).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not

prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 30, 2004, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled (Tr. 18-19). At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability on August 15, 2001 (Tr. 12). The ALJ then determined, at Step 2, that Plaintiff suffers from coronary artery disease, obesity, inflammatory bowel disease, an anxiety disorder not otherwise specified, and organic brain damage, all conditions which he found to be "severe" within the meaning of the Regulations (Tr. 13, 19). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 (Tr. 13, 19). The ALJ determined at Step 4 that Plaintiff could not perform all the requirements of his past relevant work during the period at issue (Tr. 17). However, the ALJ concluded, at Step 5, that Plaintiff retained the residual functional capacity, reduced by certain exertional and non-exertional limitations, to perform a significant range light work, as identified by the VE and within the framework of the Medical-Vocational Guidelines (Tr. 19). Accordingly, the ALJ found that Plaintiff was not disabled at Step 5 of the sequential evaluation

process (Tr. 18, 19).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on July 16, 2004 (Tr. 4).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Record Nos. 8 and 9], and this matter is ripe for decision.

## II.  ANALYSIS

### A.  Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence.  "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

    **B.**    **Plaintiff's Contentions on Appeal**

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to accord proper deference to the opinions of his treating physicians in evaluating his RFC; and (2) the ALJ improperly relied on upon evidence presented by non-treating physicians in evaluating his RFC; and (3) that the ALJ "completely disregarded the entirety of the psychiatric evidence" in posing hypothetical questions to the VE.

    **C.**    **Analysis of Contentions on Appeal**

Plaintiff's first claim of error is that the ALJ failed to accord proper deference to the opinions of his treating physicians in evaluating his RFC. Specifically, Plaintiff contends that the ALJ should have accorded greater weight to the opinion of his treating neurologist, Dr. Alexander Tikhtman, and that of his psychologist, Dr. Christopher Allen. The Court disagrees.

It is true that the medical and diagnostic opinions of treating physicians "are generally accorded substantial deference, and if the opinion is uncontradicted, complete deference." *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). However, such deference is due "only if the treating physician's opinion is based on

sufficient medical data." *Houston v. Secretary of HHS*, 736 F.2d 365, 367 (6th Cir. 1984). In other words, the weight given a physician's opinion depends upon the extent it is supported by objective medical signs and laboratory findings, and is consistent with the record as a whole. *See*, 20 C.F.R. §§ 404.1527(d), 416.927(d). Further, a treating physician's opinions may be rejected when good reasons are identified for not accepting them. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988).

Plaintiff maintains that, in reaching his decision, the ALJ should have accorded greater weight to Dr. Tikhtman's opinions, which assessed limitations that exceeded those found by the ALJ (Plaintiff's Motion, 29-31). Specifically, Dr. Tikhtman opined that Plaintiff could never twist, stoop, bend, crouch, climb stairs, or climb ladders, and that the claimant would be affected in his ability to reach, handle, and push and pull based upon his poor balance and concentration (Tr. 250-52, Plaintiff's Motion, p. 31). Dr. Tikhtman based his opinion on the fact that Plaintiff had "multiple cognitive deficits present" (Tr. 250-52, Plaintiff's Motion, p. 31).

The Court finds that the ALJ properly gave less weight to Dr. Tikhtman's opinions concerning Plaintiff's RFC and ability to work , as the ALJ found that Dr. Tikhtman's assessment was not supported by objective medical findings. Specifically, while Dr. Tikhtman considered Plaintiff to be "unable to perform most work-related functions due to multiple neurological deficits and multiple

cognitive deficits," the ALJ determined that "[n]o deficits in concentration, attention, or memory were found upon evaluation, and no objective findings indicative of difficulty with balance or significant limitation of functioning are contained within the treatment record" (Tr. 17). To the contrary, as noted by the Defendant, Dr. Tikhtman's examinations of Plaintiff were basically unremarkable, and electromyogram/nerve conduction studies were normal (Tr. 286-88). Thus, Dr. Tikhtman failed to provide medical signs and laboratory findings to support his opinion, and the ALJ was entitled to accord his opinion less weight.

Moreover, the record contains evidence from other physicians who examined and treated Plaintiff which conflicts with Dr. Tikhtman's opinions (Tr. 13-17, 102-89, 202-09, 246-49, 253-85). The Court finds that the ALJ properly performed his duty as trier of fact in resolving the conflicting evidence. *Richardson v. Perales*, 402 U.S. 389, 399 (1971); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) ("This Court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility."). The Court therefore concludes that the ALJ's decision to accord Dr. Tikhtman's assessment little weight is supported by the substantial evidence of record.

Plaintiff further argues that, in evaluating his RFC, the ALJ failed to accord proper weight to Dr. Allen's opinions, who assessed limitations that exceeded those found by the ALJ – i.e. that Plaintiff "is limited to simple routine work

without significant public contact" (Tr. 17, Plaintiff's Motion, p. 32).  However, as correctly pointed out by the Defendant, Plaintiff fails to show how Dr. Allen's report and findings indicate that Plaintiff's limitations exceed the ALJ's finding that Plaintiff was limited to simple routine work without significant public contact (Tr. 17, 19, Finding No. 6).  Moreover, even though Dr. Allen opined that Plaintiff could not do his former work and would have difficulty doing other work (Tr. 246), this does not establish that Plaintiff could not perform simple routine work without significant public contact.

Even if Dr. Allen's report indicated greater limitations than those found by the ALJ, the Court nonetheless concludes that the ALJ accorded proper weight to Dr. Allen's opinion, which is unsupported by the medical findings and is inconsistent with the record as a whole. *See*, 20 C.F.R. §§ 404.1527(d), 416.927(d), SSR 96-5p.  Indeed, another psychologist, Dr. Cristi Hundley, did not find that Plaintiff had any significant abnormalities and concluded that he did not appear to have a mental problem that would bar him from all forms of employment (Tr. 209). Thus, it appears to the Court that the ALJ's decision to accord Dr. Allen's opinions less weight in assessing Plaintiff's RFC is supported by the substantial evidence of record.

The Plaintiff's second claim of error is that the ALJ improperly relied upon evidence presented by non-treating physicians in evaluating his RFC.  The Court

disagrees. State agency medical and psychological consultants are considered experts in the Social Security disability programs and their opinions may be entitled to great weight if they are supported by the evidence. *See*, 20 C.F.R. §§ 404.1527(d), (f), 416.927(d), (f); *Schisler v. Sullivan*, 3 F.3d 563, 567-69 (2nd Cir. 1993) (noting that the current regulations permit the opinions of non-examining sources to override treating sources' opinions if supported by the record).

The Court finds that the ALJ properly considered state agency medical and psychological consultants. State agency medical consultant, Dr. Kenneth Phillips, indicated that Plaintiff could perform light work with some additional limitations (Tr. 229-37). The state agency psychological consultant, Dr. Edward Ross, concluded that Plaintiff would be able to understand and follow simple instructions, related to others in a routine work environment, and handle daily stressors as needed (Tr. 226). The ALJ found these assessments to be consistent with the overall medical record (Tr. 17). Thus, the Court concludes that the ALJ properly incorporated the findings of these state agency medical consultants into his RFC finding and hypothetical question to the VE (Tr. 17, 19, Finding 6; Tr. 301).

As the ALJ accorded proper weight to the opinions of Plaintiff's treating physicians in evaluating Plaintiff's RFC and properly considered the findings of state agency medical consultants, the ALJ's determination of Plaintiff's RFC is

supported by substantial evidence.

Plaintiff's third claim of error is that the ALJ "completely disregarded the entirety of the psychiatric evidence" in posing hypothetical questions to the VE. Specifically, Plaintiff asserts that the ALJ did not ask the VE to assume the mental restrictions the ALJ included in his RFC finding, that Plaintiff "is limited to routine work without significant public contact" (Tr. 17, Plaintiff's Motion, p. 15). This claim is without merit.

The Administrative Law Judge may rely upon the Vocational Expert's answers to the hypothetical questions if substantial evidence supports the assumption included in the hypothetical question. *Hardaway v. Secretary of HHS*, 823 F.2d 922, 927-28 (1987). It is well settled that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1994). An ALJ's findings "based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness' demeanor and credibility." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997)

In the instant case, the ALJ posed hypothetical questions to the VE, which were based upon the ALJ's determination of the Plaintiff's RFC. Despite

Plaintiff's representations to the contrary, the ALJ asked the VE to assume the mental restrictions incorporated by the ALJ in his RFC finding, specifically, that Plaintiff "would be limited to simple routine work, without significant contact" (Tr. 17, 19, finding 6, Tr. 301). Thus, the ALJ did not completely disregard the entirety of the psychiatric evidence in posing the hypothetical, as maintained by Plaintiff.

Moreover, the Court notes that the ALJ was only required to incorporate Plaintiff's credible limitations in posing hypothetical questions to the VE. The ALJ found Plaintiff's "credibility as a witness to be poor" and his testimony "rather evasive" (Tr. 16). The ALJ's findings based on credibility are entitled to great deference. As Plaintiff failed to show that he has additional mental or physical limitations on his ability to work, the assumptions included in the ALJ's hypothetical questions to the VE were supported by substantial evidence.

In response to the ALJ's hypothetical questions, which included all of Plaintiff's credible limitations, the VE testified that Plaintiff was capable of performing a significant range of light work in the national or regional economy (Tr. 18-19). Based on this testimony, the ALJ properly concluded that the Plaintiff could perform certain light work, including work as a custodian, price marker, bench assembler, and hand packer, and as such, is not disabled at Step 5 of the sequential evaluation process (Tr. 18-19).

As stated *supra,* the ALJ's decision is not subject to reversal, "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The Plaintiff has failed to prove that the ALJ did not reach his conclusion based on substantial evidence.

### III.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This August 18, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge